PROUTY v. GLENS FALLS, S. H. & FT. E. ST. RY. CO.

(Supreme Court, Appellate Division, Third Department. January 16, 1900.)

CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES.

Where the only issue was whether plaintiff was injured in a collision in Washington county, and nine of defendant's eleven witnesses, who would swear that plaintiff received no injury in the collision, resided in Washington county, and ten of plaintiff's witnesses resided in Albany county, where suit was brought, and were subpœnaed to testify to plaintiff's physical condition before and after the injury, it was error to deny a change of the place of trial from Albany to Washington county for convenience of witnesses.

Appeal from special term, Albany county.

Action by Edward Prouty against the Glens Falls, Sandy Hill & Ft. Edward Street-Railway Company. From an order refusing to change the place of trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Potter & Kellogg (L. M. Brown, of counsel), for appellant.
Cornelius Hannan, for respondent.

HERRICK, J. There is no controversy in this case, and no issue made, upon either the question of the negligence of the defendant or the contributory negligence of the plaintiff. The only issue raised is as to whether the plaintiff was in fact injured by the collision referred to in the complaint. The collision in which the plaintiff claims to have been injured took place in Washington county, between the villages of Ft. Edward and Sandy Hill. The defendant, in its moving affidavit, swears to the necessity of having eleven witnesses present upon the trial, nine of whom are residents of Washington county, and two of Warren county. It is claimed that these witnesses were all eyewitnesses of the collision, and that their testimony will show that, as a matter of fact, the plaintiff received no injury at the collision in question, which is the point at issue in the case. The plaintiff swears to the necessity of having twelve witnesses, ten of whom are residents in Albany county, and two in Saratoga county. Five of these witnesses are expected to testify as to the plaintiff's condition after he returned home to Albany county, the time he remained sick, and the extent of such sickness, and four of the five as to his condition prior to the alleged injury. These latter matters are not matters in issue or controverted by the defendant, and we fail to see the necessity of having so many witnesses upon a subject which is

not a matter of controversy; and we are of the opinion that because the cause of action arose in Washington county, and because it appears that the convenience of the greater number of necessary witnesses upon the trial of the action will be thereby subserved, the place of trial should be changed from Albany county to Washington county.

The order appealed from is therefore reversed, with $10 costs and disbursements of this appeal, and the motion granted, with $10 costs to abide the event of the action. All concur.